**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Matthew Jon FERNANDEZ, Defendant–Appellant.**

No. 08–6096.

United States Court of Appeals, Tenth Circuit.

Dec. 18, 2008.

Mary M. Smith, U.S. Attorney's Office, Oklahoma City, OK, for Plaintiff–Appellee.

Fred L. Staggs, Oklahoma City, OK, for Defendant–Appellant.

Before BRISCOE, BALDOCK, and HOLMES, Circuit Judges.

### ORDER AND JUDGMENT *

MARY BECK BRISCOE, Circuit Judge.

On direct appeal from his conviction for drug-related charges, Defendant–Appellant Matthew Jon Fernandez contended that his constitutional rights under the

---

* This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R.App. P. 32.1 and 10th Cir. R. 32.1.

Fifth and Sixth Amendments were violated by the introduction at trial of hearsay statements made by unidentified confidential informants. Additionally, Mr. Fernandez contended that the district court erred by denying his motion to suppress physical evidence, and in calculating his sentence. While the appeal was pending and before oral argument, however, counsel for both parties joined in the filing of a motion to dismiss this appeal informing this court that Mr. Fernandez died on December 3, 2008. "[D]eath pending direct review of a criminal conviction abates not only the appeal but also all proceedings had in the prosecution from its inception." *United States v. Davis*, 953 F.2d 1482, 1486 (10th Cir.1992) (quoting *Durham v. United States*, 401 U.S. 481, 483, 91 S.Ct. 858, 28 L.Ed.2d 200 (1971) (per curiam) (footnote omitted) *overruled on other grounds, Dove v. United States*, 423 U.S. 325, 96 S.Ct. 579, 46 L.Ed.2d 531 (1976) (per curiam)); *see also United States v. Sloan*, 26 Fed. Appx. 890 (10th Cir.2002) (unpublished) (remanding case, with directions to vacate the judgment of conviction and dismiss the underlying indictment, where appellant died pending the direct appeal of his sentence).

Accordingly, we GRANT the joint motion to dismiss this appeal. Further, this case is REMANDED to the district court with directions to VACATE the judgment of conviction and DISMISS the underlying indictment.

This case is also removed from the presently scheduled January 16, 2009, oral argument calendar, and counsel are excused from attendance.